E-FILED
Tuesday, 17 May, 2005  02:57:28 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-30114 |
| | ) | |
| SUARAWU OLADEJO AMUDA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

RICHARD MILLS, U.S. District Judge:

On March 29, 2004, Defendant entered an open plea of guilty to counts 1-3 of the Indictment. The U.S. Probation Office created a Presentence Investigation Report ("PSR") detailing the nature of Defendant's offenses as well as relevant biographical and legal material. Defendant's Sentencing Hearing was continued numerous times as the Court awaited the United States Supreme Court's resolution of United States v. Booker, 125 S.Ct. 738 (2005).

Prior to the May 16, 2005, Sentencing Hearing, Defendant

1

objected to numerous paragraphs in the PSR.  See d/e 32.  Defendant and the Government then filed a Joint Position Regarding Sentencing Factors on May 12.  See d/e 33.  In so doing, the parties agreed:

    1.  The amount of cocaine base ("crack") and its cocaine equivalent for which Defendant should be held liable as relevant conduct under the United States Sentencing Guidelines is at least 35 grams but less than 50 grams.  Pursuant to United States Sentencing Guidelines § 2D1.1(c)(5), the resulting base offense level for the drug charge in count 3 should be level 30;

    2.  The parties take this position as a compromise, which the parties deem to be reasonable, between the evidentiary and legal positions that would be taken by the parties in a contested hearing, on which reasonable minds could differ.  Because the resolution of the contested factual issues is subject to uncertainty for both parties, and because ultimate resolution of Defendant's legal arguments is uncertain due to a lack of definitive guidance in current Seventh Circuit case law, the parties believe that this agreed resolution of the issues is in the best interests of

both Defendant and the public, and consistent with the proper administration of justice;

    3.  PSR ¶¶ 15 and 27 should be amended to reflect that the amount of cocaine base ("crack") and its cocaine equivalent for which Defendant should be held liable as relevant conduct is at least 35 grams but less than 50 grams;

    4.  PSR ¶¶ 27, 33, 35, and 38 should be amended to reflect a base offense level of 30, rather than 36;

    5.  PSR ¶ 36 should be amended to reflect 1/2 unit for Group 1, rather than 0, since, pursuant to U.S.S.G. § 3D1.4(b), the offense level for Group 1 is six levels less serious than that for Group 2;

    6.  PSR ¶ 37 should be amended to reflect a total number of units of 1 1/2, rather than 1;

    7.  PSR ¶ 39 should be amended, pursuant to U.S.S.G. § 3D1.4, to reflect an increase of offense level of 1, rather than none;

    8.  PSR ¶ 40 should be amended to reflect a combined adjusted offense level of 31, rather than 36;

9.  PSR ¶¶ 42, 44, and 132 should be amended to reflect a total offense level of 28, rather than 33;

10.  PSR ¶ 132 should be amended to reflect a guideline imprisonment range of 130 to 162 months, rather than 210 to 262 months;

11.  If this agreed position is accepted and adopted by the Court, then Defendant will withdraw all objections to the resulting PSR;

12.  If this agreed position is accepted and adopted by the Court, the Government will recommend a prison term of 130 months.

The Court has reviewed the parties' Joint Position Regarding Sentencing Factors and deems it to be fair and reasonable.  The Court accepts and adopts the Joint Position Regarding Sentencing Factors. Accordingly, the Court finds that Defendant's total offense level is 28 and his criminal history is category V$^1$.  This results in a Sentencing Guideline Range of 130-162 months in prison$^2$.  The Court notes that

---

[1] During the May 16, 2005 Sentencing Hearing, Defendant formally withdrew the Motion for Downward Adjustment in Criminal History he filed on August 10, 2004.  See d/e 18

[2] Pursuant to the Supreme Court's decision in Booker, the Sentencing Guidelines are now advisory, requiring a sentencing court to consider Guideline Ranges under 18 U.S.C. § 3553(a)(4), but permitting courts to tailor the sentence in light of other statutory concerns under section 3553(a).  In

4

during the Sentencing Hearing, Defendant claimed to have Adult Attention Deficit Disorder ("ADD"). However, Defendant offered no evidence to corroborate his claim.

<u>Ergo</u>, the Court imposes a term of 120 months imprisonment on Counts 1 and 2, and a term of 130 months imprisonment on Count 3. These sentences shall run concurrently. The Court also orders Defendant to serve 3 years supervised release on each of Counts 1 and 2, and 8 years supervised release on Count 3. No fine or restitution is ordered, but Defendant shall pay a $300.00 special assessment ($100.00 each on Counts 1-3).

IT IS SO ORDERED.

ENTERED: May 17, 2005

FOR THE COURT:

s/ Richard Mills
United States District Judge

---

determining the appropriate sentence in this case, the Court has considered the guideline range and policy statements, in addition to other statutory factors.