**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted December 13, 2005
Decided December 14, 2005

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 05-2612 | |
| UNITED STATES of AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois |
| v. | No. 03-30114-001 |
| SUARAWU AMUDA, *Defendant-Appellant.* | Richard Mills, *Judge.* |

### ORDER

Suarawu Amuda entered an open guilty plea to possession of a machinegun, 18 U.S.C. § 922(o); possession of a firearm by a felon, *id.* § 922(g)(1); and distribution of crack cocaine, 21 U.S.C. § 841(a)(1). The district court imposed concurrent sentences of 120 months' imprisonment and three years' supervised release for the gun charges and 130 months' imprisonment and eight years' supervised release for the drug charge. Amuda filed a notice of appeal, but his attorney now seeks to withdraw under *Anders v. California,* 386 U.S. 738 (1967), because he is unable to find a nonfrivolous issue for appeal. Amuda received a copy of counsel's motion, *see* Cir. R. 51(b), and has responded. We limit our review of the record to those potential issues identified in counsel's facially adequate brief, *see United States v. Tabb,* 125 F.3d 583, 584 (7th Cir. 1997) (per curiam), and in Amuda's submissions.

No. 05-2612                                                                                      Page 2

Counsel first considers whether Amuda could argue that Congress exceeded its powers under the Commerce Clause in enacting § 922(o), which prohibits the possession or transfer of any machinegun that was not already lawfully possessed when the statute was enacted in 1986, including machineguns manufactured and continuously possessed within the same state. Amuda did not challenge the statute in the district court, so we would reverse only for plain error. *See United States v. Dumeisi*, 424 F.3d 566, 576 (7th Cir. 2005). We, as well as the other circuits that have considered the constitutionality of § 922(o), have held that the statute is a valid exercise of Congress's power, *United States v. Kenney*, 91 F.3d 884, 891 (7th Cir. 1996); *see also United States v. Franklin*, 157 F.3d 90, 96 (2d Cir. 1998) (collecting cases), so it would be frivolous for Amuda to argue that the district court committed plain error by convicting him under the statute.

Counsel next considers whether Amuda could challenge the district court's finding that he distributed 35 to 50 grams of crack, and in his Rule 51(b) response Amuda argues that the presentence investigation report includes other unspecified errors that he could contest. Counsel concludes that Amuda waived his right to challenge the drug quantity by withdrawing his objection to the probation officer's calculation and, indeed, stipulating the crack amount was exactly as found by the district court. We agree. Waiver occurs when a defendant intentionally relinquishes a known right, so appellate review of the drug quantity is precluded. *United States v. Baretz*, 411 F.3d 867, 875 (7th Cir. 2005). The same is true as to other factual matters in the presentence report. Before sentencing, Amuda objected to several proposed factual findings besides the drug quantity, but then withdrew his objections and filed a joint statement of position on sentencing factors with the government. At sentencing Amuda specifically stated that he no longer objected to anything included in the presentence report. Thus he waived any challenge to the proposed factual findings and guideline calculations included in the report and adopted by the sentencing court.

Counsel also considers whether Amuda could argue that his overall prison sentence of 130 months is unreasonable because, although the district court followed the United States Sentencing Guidelines, the guidelines themselves recommend a sentence that is unreasonable for offenses involving crack versus other forms of cocaine. *See* U.S.S.G. § 2D1.1(c). A sentence within a properly calculated guidelines range is presumptively reasonable, *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), and though a district court is free to consider the sentencing differential between crack and other forms of cocaine, a sentence cannot be unreasonable simply because the court does not exercise its discretion in the defendant's favor, *see United States v. Gipson*, 425 F.3d 335, 337 (7th Cir. 2005); *United States v. Cunningham*, __ F.3d __, 2005 WL 3029083, at *5 (Nov. 14, 2005). Counsel, then, is again correct that this potential issue would be frivolous.

No. 05-2612                                                                                                                Page 3

    Finally, Amuda suggests that trial counsel rendered ineffective assistance, but his claims about counsel's performance are better saved for a proceeding under 28 U.S.C. § 2255 when the necessary factual predicate can be developed. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Turcotte*, 405 F.3d 515, 537 (7th Cir. 2005).

    Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.