**E-FILED**
Friday, 13 January, 2006  04:27:40 PM
Clerk, U.S. District Court, ILCD

**No.05-2612**

## IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT



Suarawu O. Amuda, )
    Defendant/appellant, )
  )
vs. )   Case No. 03-CR-30114
  )
United States of America, )
    Plaintiff/Appellee. )

Januray 8,2005

## MOTION FOR REHEARING
## "EN BANC"

    Comes now the petitioner/movant, Suarawu Amuda, pro se,
in the above matter and moves this Honorable Court for a rehearing
to hear movant's reply to counsel's **Ander's** brief, which was
ordered by this Honorable Court due November 10,2005.

    Movant is now a post-conviction litigant who is contesting
the constitutionality of convictions and sentences, that stemmed
from a involuntary guilty plea, induced by movant's counsel,
Karl Bryning & Douglas Beever.  Movant pleadguilty to charge's,
then agreed to a joint positioning **agreement** to drug quantity
stipulation's, and weapon's possession with the government,where
there was no sufficient evidence to support any factual basis for
the guilty plea conviction's.  And did not support movant's due
process right's of being sentenced on the basis of reliable
information.  The information in this case is insufficient, and
doesn't support the conviction's. And because of obvious plain
error, and procedural default, caused by cumulative error, and
faulty/erroneous advice given by movant's court appointed counsel's

**(Karl Bryning & Douglas Beever),** it rendered the effect of movant's plea, andthe outcome of him beingsentenced reasonably uder the now advisory guidelines.  Movantmoves to withdraw his guilty plea, and breach the joint positioning agreement, and ask this Honorable Court that his sentence and conviction's be vacated, set aside, and reconsidered.

In response to counsel's **Ander's** brief, petitioner/movant, Suarawu O. Amuda, attacks by stating that his case can only be frivolous, because counsel built movant's case to be frivolous. Being that counsel's poor performance and defective strategy are reflections of hisfrivolous actions toward movant's case, and a reflection of why movant's conviction's and sentence have become so unreasonable.  Movant emphasize's that you are what you eat, or if you listen to wrong information and deceptinglies over and overagain, long enough you tend to become it, or believe it.

Movant moves this Honorable Court to show how his case is non-frivolous.  Where he never intentionally or knowingly ignored or waived his right's or privilege's to contest, challange, object or argue issue's and point's where there was irreconcilable conflict between counsel and movant.  Movant has numerous strong issue's to argue that support his merits, and challange's his guilty plea conviction's, and the issue's in the counsel's **Ander's** brief which counsel never confered with movant about. The issue's that movant desire's to raise on appeal and argueare as followed:

**1.)**    Movant argue's that there was a breakdown of a relationship between attorney and client from irreconcilable differences. Beingthat movant's first court appointed counsel **(Karl Bryning)**

misrepresentation of material fact's with holding information,
exerting psychological pressure's using faulty/errounous legal
advice and strategies.  While only willingly accepting and relying
on government's version of fact's of the offense, without
researching and investigating the crime charged, elements of
the offense, or allegation's made by movant.  Along with counsel's
failure to confer or properly consult with movant, advise, or
discover potentially exculpatory evidence, and to push for
suppression hearing's or pretrial motion's pretaining to exculpatory
evidence that was in the motion of discovery.  Evidence which
demonstrated movant's factual innocence,was ignored while counsel
forcefully persuade movant that he had no other choice's, that
the judge was recklessly unreasonable and bias to all drug and
weapon case's, and that a immediate guilty plea would place
movant in better position and at more grace with the judge. After
induced guilty plea was entered counsel immediately withdrew
himmself from movant's case, and a new counsel was assigned.

     Movant challange's that he was "prejudiced" on the
grounds of **Strickland vs. Washington** 466 U.S at 690, 104 S.Ct
**at 2065.**  A pretrail investigation in a criminal case provide's
the basic foundation's on which most defense rest's.  Counsel
advised movant to plea guilty to an offense in which the counsel
had not investigated, and such conduct is unreasonable.  Counsel's
failure to advise the movant of potential affirmative defense's
to the crime charged, where the likelyhood that discovery of the
exculpatory evidence would have changed the outcome of a trail,
conviction, or sentence and the affirmative defense likely would
have suceeded.  The error "predjudiced" the movant by forcing

him to plead guilty rarher than go to trail.  This is a conviction on a guilty plea that is entered solely as a result of faulty legal advice which is a miscarriage of justice.  Counsel's representation fell below an objective standard of reasonableness and if not for counsel's unprofessional error's the results of procceddings would have been different.  Movant would not have pleaded guilty, But would have insisted on going forward in defenseive proceeding's, absent unprofessional error's or omission's.  Movant feels guilty plea was forced to conceal counsel's upreparedness for pre-trail proceedings and this should render the plea involunttarily entered ehere movant was not given an effective counsel, and was not able to make conscious decision of whether to plead guilty.

2.)    Movant argue's that there is insufficient evidence to support factual basis for guilty plea to weapon conviction's.

Movant challange's the two weapon conviction's of **Illegal Possession of Machine Gun 18 U.S.C. Section 922 (o)(1), and Felon in Possession of Firearm 18 U.S.C. Section 922 (g)(1),** and wants to argue that thes weapon conviction's should be vacated on the grounds thatmovant's **Fourth** Amendment and **Fourtenth** Amendment right's were violated when evidence was obtained. And evidence that derived from illegal detention or interrogation of movant is tainted within the rule of **Fruit-of-the-poisonous-tree doctrine.**

Therefore movant challange's that jail house statement's and involuntary statement's are **Fruit Doctrine** and should be suppressed.

3.)    Movant argue's that the joint drug quantity stipulations attributed to him are not forseeable by him.

Movant challange's that the evidence is unreliable and insufficient to support joint drug quantity stipulation's, or any uncharged drug sale's, or transaction's that were part of the same course of conduct, or common scheme or plan. Movant challange's probation officer's estimates of drug quantities from the corrobor- ating source of evidence given by confidential informant. On the grounds under the Sentencing Guidelines **U.S.S.G. § 1B1.3 (a)(2), 18 U.S.C.A. App.**

**4.)**    Movant argue's that the credibility of the government confidential informant is moot. Where informant made statement's in PSI annoucing himself has a low level drug dealer, Also made statement's in motion to discovery insisting he been dealing with movant for four year's, and the amount he dealt with movant. Statement's don't match up with the controlled buy. Informant received abuser quantity of controlled substance instead of the low level drug dealer amount he should of obtained if he was recognized as a dealer and knew his source for that strech of time.

Movant challange's that all the statement's made by informant movant recognize's the confidential informant only as a cocaine base abuser, and not a low level drug dealer. Informant purchased cocaine base from the movant at the approximate abuser's price which is approximately one hundred dollars is equal to one gram. Cocaine base is only cheaper when the weight is more, but the potency is less or low, rendering the cocaine base unuseable and less likely marketable untill distilled. Movant only possessed approximately four gram's of cocane powder in which he intended to manufacture. Movant would have been only personally able to manufacture approximately no more than that

quantity of cocaine base (**not known as"crack"**).  The sentence
has been imposed by the court in reliance upon untrue or erroneous
information that was included in Pre-Sentence Report.

5.)    Movant argue's that courts generally hold that the weight
of material mixed with a controlled substance, that must be
separated from the controlled substance to render the drug useable
should not be included in the total weight of "mixture's" or
"substance's" under **21, U.S.C. § 841** or **U.S.S.G. § 2D1.1;** and
of course the "container" or packaging for the controlled substance
is not part of the "mixture" used to determine either relevant
conduct, mandatory minimum, or statutory maximum.

Movant challange's that the weight of the material,
sodium bicarbonate, also known as baking soda is unuseable.
And alter's the weight, potency and form of cocaine base, rendering
the cocaine base less likely to be marketable and useable until
distilled.  Sodium bicorbonate is a separable carrier medium
that was mixed with the contolled substance, and also caused
an error in which effected Movant's substantial rights of being
sentenced under the advisory guidelines.  There is a plain error
where the government used or counted the weight of the sodium
bicorbonate (baking soda) which is a separable carrier medium
to determine the Movant's mandatory minimum and relevant conduct.

6.)    Movant argue's that during controlled buy entrapment
accured when Movant sold cocaine powder to confidential informant,
but was incline to engage in manufacturing the cocaine powder
into hard smokable cocaine (**not known as "crack"**) because Movant
know's the confidential informant is a highly excessive smokable

cocaine abuser.

However movant challange's that he was only predisposed in manfacturing a cocaine base other then "crack". And that when cocaine base reached gooey paste form at end of movant's processing procedure, and would require time to dry to become harden. The confidential informant conduct became flagrant or outrageous when the confidential informant participated in manufacturing the contolled substance during it's dry time, by adding sodium bicorbonate (baking soda) to the cocaine base (gooey paste form), to make it harden quicker. This also altered the weight, potency, and form of drug that movant engaged to manufacture. This is entrapment and outrageous conduct being that the government's agent (confidential informant) egregious action's tainted the evidence, and the evidence that is tainted by the government's confidential informant, unlawfully induced the movant to commit a more serious offense that carries a more severe sentence.

Movant also challange's that if not for confidential informant's flagrant and outrageous conduct. The controlled substance movant began manufacturing would have come out to be a cocaine base other than "crack", as known in the **Edwards** 397 F.3d 570 (7th Cir. 2005) ruling that all cocaine base is not crack. Also movant never knowingly and intentionally waived the **Edwards** issue, and that the cocaine base movant was culpable of making would have been appoximately 3.9 grams of cocaine base (not known as crack), under the **Edwards** ruling. The plain error was made when counsel advised movant that what he manufactured was "crack" regardless that movant did not engage to manufacture

cocaine base known as "crack", and that informants flagrant
conduct that produced entrapment would not make a difference
in movant's sentence.

7.)    Movant argue's that tape of controlled buy should be
inadmissible, and challange's that the tape is inaudible.
Being that there are parts of tape that conversation's are missing
or cut out.  Movement by the confidential informant caused distortion
or static noise's, and may have caused frequency of transmitter
to be scrambled, or the transmitter to transmit a weak signal
or frequency.  This could render this tape as being flagrant
evidence.

8.)    Movant argue's that the probation officer's findings
of Criminal History Category under the Sentencing Guidelines
is clear error that effects substantial right's, and inadequately
reflect's movant's criminal background.  Movant challange's that
past conviction's movant was given Criminal History Point's for,
were uncounseled misdemenor conviction's.  And that there are
also past  conviction's that ran concurrent time with other
conviction's where movant received extra point's for same conviction
that ran concurrent in sentencing time.  The sentence has been
imposed by the court in reliance upon untrue or erroneous information
that was included in Pre-Sentence Investigation Report.  The
District Court committed plain error by convicting movant under
a calculated Criminal History Category from the probation office
where at the time of prior conviction's he was denied his Sixth
Amendment right to counsel.

9.)    Movant argue's that after his counsel Karl Bryning induced

his guilty plea then immediately withdrew as movant's counsel.
Douglas Beever was assigned as movant's new appointed counsel,
and further tailored the involuntary guilty plea.  Where movant's
counsel forced and induced movant to agree to a joint positioning
agreement of drug quanity stipulation's that were attributed
to movant, but not forseeable by movant.  Has movant's counsel
Douglas Beever failed to research, investigate and discover the
allegation's movant inquired,and potential exculpatory evidence
that would have applied a affirmative defense.  Where as counsel
would have likely had to request the court for a rehearing on
the guilty plea or a change of plea, based on the irreconcilable
conflict between movant and his former counsel Karl Bryning.
Movant was also transfered and spent approximately six month's
in a federal holding facilty where there was numerous racial
inmate's and staff, and lacked the necessities of the movant's
ethnic's.  The facility had no federal law library, and the
inadequacy of the county jail law library deprived movant of
a meaningful opportunity to prepare his defense.  Counsel failed
to recognize movant's multipule plea's of distress to be removed
from this under ethnicly and lawfully futile facility where movant
was continuously threatened, and felt his life was endangered.
Instead counsel (Douglas Beever) repeatedly persuade and pushed
movant to try and gain substantial assistance by finding information
on someone, or about something extraordinary from within the
location movant resided to testify on the government's behalf.
Counsel powerfully insisted that this was the only way movant
would be granted a removal from facility.  The matter's above
followed the pre-trail hearing.

Movant challan ge's that during his second court appointed
counsel (Douglas Beevers), remained as counsel to movant, counsel
further predujiced defendant within the meaning of **Strickland
v Washington,** 466 U.S. 668, 104 S. Ct. 2052m 2064-74, 80 L Ed.
2d 674 (1984) and, **Hill v. Lockhart,** 474 U.S. 52, 88 L. Ed. 2d
203, 106 S. Ct. 366 (1985). Where counsel lacked suffienent
consultation and debriefing of defendant's motion of discovery
which contained potentially exculpatory evidence, and neglected
to confer with movant on how both **US v Booker,** 125 S.Ct.738,
765, 160 L. Ed. 2d 621 (2005) and **US v Edwards,** 397 F. 3d 570,
574 (7th Cir. 2005), ruling's and issue's combined with **18 USC
§ 3553** sentencing procedure effect movant's case. Movant's
counsel (Douglas Beevers) held a reluctance to apply any
plausible, venue, or viable defense's.

Movant challange's that counsel's erroneous and faulty
legal advice, while lying and exerting pressure on movant during
plea negotiations that lead to sentencing entrapment, where
government's confidential informant so called reliable information
was not forseeable by movant, and insuffient to prove that by
perponderance of evidence relovant conduct existed. Counsel
failed to work adequatly and effectively and as a result under
**Hill v. Lockhart,** 877 F. 2d 698 (8th Cir. 1989) there exists
a reasonable probability that result of plea process would have
been different. Movant challange's if not for the mispresentation
of material facts, withholding information, and exerting pressure
on defendant to except a joint position agreement, movant would
have not pleaded guilty, but proceeded to trial absent counsel's
misrepresentation.

Counsels preformance fail below the objective standard of the Sixth Amendment.

**10.)**    Movant argue's that the disparity in sentence's involving cocaine base aka "crack", and cocaine powder brings irrationality and the potential for mischief into the criminal justice system. It results in lesser sentence's for large scale suppliers of powder cocaine then the street level cocaine base dealers who exist below them in the hierarchy of distribution.  The disparities discussed above cannot be considered justified in a system that prides itself on maintaining reasonable uniformity.  Under **18 U.S.C.A. § 3553 (a)(6)** courts are instructed to avoid unwarrented disparities, and this also permits the court to tailor the sentence to avoid unwarrented disparities provided the statutory authority for the adjustment.  The statutory authority is given now that the Supreme Court decision in **Booker**, holding that the guidelines are now advisory, rather than mandatory.  And that judge's may find facts based on preponderence of the evidence standard. The Sentencing Commisson offer's data, fact's, and recommendation's in it's crack to cocaine findings, which judge's can use as fact's based on preponderence of the evidence, **and    18 USC § 3553 (a)(5)** which direct's the court to consider the Sentencing Commissions policy statements.  The 100:1 ratio under the application of the guidelines would create unwarranted disparity among defendant's with similar records who have been found guilty of similar conduct. This falls under the **§ 3553 (a)(6),** and would result in a sentence greater then necessary.  This makes all cocaine base aka "crack" sentencing's unreasonable.

Being that there is no persuasive penological or scientific
justification for treating 1 gram of crack the same as 100 grams
of powder, and the assumptions underlying the disparity between
crack and powder are unsupported.  Treating defendant's who possess
two virtually identical substances so differently is unreasonable.

    Therefore movant challange's that his sentence is unreasonable
where the District Court errored in treating an application of
the guidelines, which carried a huge unwarranted disparity among
defendant's with similar conduct, as mandatory.  Treating the
guidelines as mandatory under **Booker** is an error, and the Supreme
Court has held that a defendant may appeal a sentence if it is
"unreasonable" with regards to the statutory considerations for
sentencing under **18 U.S.C. §. 3553** (a) "Facters to be considered
in imposing a sentence".  Under the Supreme Court **Booker** decision
and the **§ 3553 (a)** provision the Court can impose a non-guideline
sentence sufficient but not greater then necessary.  Movant
challange's that he meets the above criteria, and never
intentionally and knowingly waived this issue to be argued during
sentencing, and that his issue was forfeited by neglect of his
counsel to advise and request for a review of a sentence for
reasonableness in light of the statutory sentencing factors pursuant
to **18 U.S.C.A. § 3553.**

11.)    Movant argue's that there is no reliable evidence to
support or prove by the perponderance of evidence standard, that
the extra relovant conduct attributed to movant is "crack".
And there is no factual basis to support the guilty plea to the
jointly attributed drug quanity stipulation's.  The 42.7 grams
of cocaine base is relovant conduct.  Therefore it can't be tested,

examined, or analized and should be seen as ghost dope.  Therefore under the **Edwards** case law rulings **(all cocaine base is not crack)** in the 7th circuit, this ghostdope (relovant conduct) should have been treated as cocaine powder.  This cause's a plain error and effect's movant's sentencing largely under the Sentencing Guidelines.  Being that the ghostdope attributed to the movant has to be figured into the drug quanity as a cocaine base other than "crack", and under the **Edwards** ruling treated as cocaine powder.  Therefore 42.7 grams of ghostdope should be counted as 42.7 grams of cocaine base "non-crack", as known in the **Edwards** ruling.  42.7 grams of ghostdope **(non-crack cocaine base)** turned into cocaine base known as "crack" would be approximately .43 tenths of a gram of cocaine base known as "crack", using the 100:1 cocaine powder to crack ratio.  This would make the total grams's of "crack" attributed to movant less then 20 grams, and makes an error in movant's sentencing to the advisory guidelines. The offense level should have started at level 26 which is 4 levels less then the base level offense.  This effect's how the movant would have been sentenced to the guidelines.  With the 3 levels off for exceptance, and one add for enhancements, this puts movant at an offense level 24 and a criminal history category 5, which is 92-115 month's.  This is a 15 to 23 month difference on where movant would have been sentenced to the Sentencing Guidelines.

12.)    Movant argue's that this is his first time going to prison, and that his counsel was unprepared, and failed to discover and present favorable evidence at the sentencing proceeding's.

Such as to request for modification's of sentence, or downward
departure's on the grounds of sentencing entrapment (**sentence
factor manipulation**), remorseful conscious, family circumstance's,
mental and emotional disorder's, and mitigating factor's or
circumstance's such as, where the "**quantity/time factor**",
demonstrate's a more limited culpablity for the movant.

Movant challange's that counsel's unprofessional error's
and omission's deprived movant of a favorable downward adjustment
or departure, and failed to prevent an improper upward adjustment
in movant's sentencing under the guidelines.  A reasonable
sentence would have been applied where movant qualified under
provision's **18 U.S.C. § 3582(c)(A)** , modification of an imposed
term of imprisonment, (**the court may reduce the term of
imprisonment after considering the factors set forth in section
§ 3553(a) to the extent that they are applicable, if it finds
extraordinary and compelling reason's warrant such a reduction**),
and **18 U.S.C. § 3553(a)**, factors to be considered in imposing a
sentence, (**the court shall impose a sentence sufficient but not
greater then necessary**).  These sentencing provision's, procedure's
and statue's effect the way movant would have been sentenced
under the Sentencing Guidelines, and the movant contest that
his sentence is a violation of the Sixth Amendment constitutional
right to effective assistance of counsel, andthat under **Strickland,
Hill**, and **Woodard v. Collins**,898 F.2d 1027(5th Cir. 1990, he was
"**prejudiced**".  This also show's a conflict of interist rested
between movant and his counsel such as in **US v. Shorter**,54 F.3d
1248(7th Cir. 1995), where counsel's failure to argue for a
downward departure from the mandatory sentecing range,which deprived

defendant of opportunity to have District Court impose a lesser term of imprisonment,(**this warrented a new sentencing**), and <u>US v. Dantzler</u>,696 A.2d 1349(D.C.App. 1997), where counsel's failure to present critical evidence qualifying defendant for addict exception to mandatory minimum sentence for distribution of controlled substance constituted ineffective assistance of counsel, **(this warranted an evidentiary hearing to resolve claim).**

13.)    Movant lacks sufficient knowledge or skill to comprehend and properly format the fundamental's of law, and the policies and proceedure's within the judicial system, that are required to be drawn up, expressed and explained if movant is to be promptly and properly be heard.  There is a greatness of confusion when it comes to movant constructively, verbally, or mentally comprehending legal law policy or ruling's, and the process of the judicial system and it's court's.

Movant's will to make clear decision's was overcomed by his counsel's hostile psychological threat's that placed fear and confusion upon the movant which deprived the movant of speaking his mind particularly to make sound or speak on his own behalf during court proceeding's.  Because of movant's counsel's psychological threating statement's firmly discouraging movant not to make sound or out breaks of his opinions during court proceeding's about how movant really felt about the following: 1. Weapon possession conviction's movant never possessed, and that the evidence is unreliable and tainted where it was coercively and illegal obtained, and movant can prove his actual innocence. meaning that **"Actual Innocence"** means factual innocence, not

mere legal insufficiency. 2. Cocaine base and relovant conduct
attributed to movant but not forseeable by him, and counsel
misadvised movant that what movant was predisposed to manufacture
was crack, when it was apparent informant's flagrant conduct
and egregious action's by engaging in turning the cocaine base
(that movant manufactured) into "crack", which unlawfully induced
the movant to commit a more serious offense that carries a more
severe sentence, in which movant was entrapped by confidential
informant's outrageous action's and conduct to actually engage
in manufacturing the cocaine base movant was predisposed to
manufacture, in which informant altered the cocaine base (movant
predisposed to manufacture), by turning it into crack, when
movant never intended, or was inclined to engage into changing
cocaine base into crack.  3. Weight of second carrier medium
(sodium bicarbonate) was used with the weight of the controlled
substance to set the charge of the indictment which caused a
mandatory minumum being applied to movant for distributing over
5 gram's of cocaine base known as "crack" and prior convictions.
4. Part's of tape where inaudible, obstructive or missing.
5. Movant was denied his Sixth Amendment Right during uncounseled
prior misdemeanor conviction's, which were counted and used to
calculate his criminal history point's, and how movant was given
point's or point's were double counted for multiple concurrent
conviction's that shared the same sentence.  7. Downward departure
or sentence modification for family circumstance's, remorseable
conscious and mitigating factor's.

        The issue's above counsel prvented movant from making
sound of, with enigmatic and psychological threat's and statement's

that mentally produced a confusion and fear upon the movant and
devastated movant's ability to make clear decisions on what
precaution's to take to move forward.  This resulted in movant
following his counsel's erroneous leading advise, without movant
intelligentlly and knowingly understanding that he was waiving
all his right's and privledge's to challenge, contest, object,
or argue; and how movant felt about issue's of merit or ruling's
on new case law decision's.  This induced a joint position agreement
with the government that movant was not culpable of and was an
unreasonable sentence particularly being that the crime's
carried no violence.  Therefore in response to counsel's Ander's
brief the above issue's and point's raised, show why movant's
conviction's and sentence should be vacated, set aside, or
reconsidered.

14.)    Movant discredit's his counel's Ander's brief, because
counsel failed to confer with movant on what issue's of merit
that movant felt were arguable issue's of appealibility before
counsel decided to file Ander's brief and with draw himself from
movant's case.  Movant only accepted joint positioning agreement,
because counsel advised him that he has issue's of appealibility,
and that any objection's, new case law ruling's, decision's or
issue's movant waived could and would be best brought up in Direct
Appeal, and promised that they are better argued and won on Appeal.
Issue's such as entrapment, outrageous and egregious government/
confidential informant conduct, credibility of witness, inadmissible
hearsay, unreliable information or factual basis to support
preponderance of evidence standard, unforseeable attributed drug

quantity and relevant conduct, unwarranted disparities, Fruit
doctrine, tainted evidence, involuntary statement's and coerced
confession's, downward departure's and sentencing modification's,
and invalid offense level that was based on untrue and erroneous
information that was included in Pre-Sentence Investigation Report,
and over criminalized criminal history category do to the counting
of prior uncounseled misdemeanor's under the sentencing guidelines
are the issue's movant desired to challange, argue, object, or
contest before and after the plea negotiation for the joint position
agreement.  Because movant was advised that his issue's held
a guaranteed appeal.  This is the only major reason why movant
moved forward with the joint position agreement and out of confusion,
fear and vigorously unprompt enigmatic counsel's misleading
erroneous advice, movant solely accepted joint position agreement.
Where as other than this, counsel and movant shared irreconcilable
differences or conflict of interest's before during and after
court hearing's, proceedure's , pleading's and negotiation's.
Movant's counsel failed to remove himself from case knowing that
conflict largely existed, and conspired to induce the movant
into a unreasonable agreement, by investing in a plot to hide
his unpreparedness and ineffectiveness, which coincided more
with the prosecution's behalf.  It was simply easier for movant's
counsel (Douglas Beever) to do a Ander's brief and withdraw
from movant's case (particularly after he did the damage and
hide his unpreparedness and ineffectiveness),where as it would
strengthen the prosecution's interest and belief that these
conviction's and sentence are a proper administration of justice.

Then to argue the issue's of merit that movant was erroneously
advised and promised that he had appeability.  Movant's counsel's
(Douglas Beever) Ander's brief is a scheme he conspired to cover
and disguish the damage movant's counsel Karl Bryning made when
he induced movant to plead guilty, and the further continued
damage and mess movant's counsel Douglas Beever made by not requesting
court for a rehearing of plea or change of plea, withdrawing
hisself from case because of irreconcilable conflict, and then
not allowing movant to exercise his substantial right's and
privledge's and lying to movant and inducing movant to accept
a joint position agreement that is reckless, invalid and unreasonable.
Counsel also never provided movant with a copy of the joint position
agreement and after inducing movant to accept it in a hurried
timeless matter, movant requested that the agreement be breached
but his counsel affirmed that it was to late and coercively
induced movant to proceed in to negotiation's in which movant
undesired.

       Movant challange's that counsel's hostile psychological
threating statement's and erroneous advice, deprived movant of
making cleardecision's.  Counsel forcefully persuade movant with
darkening threat's and result's,to waive any and all objection's
and challange's without movant intelligently and knowingly
understanding that he had right's and privledge's to argue and
contest issue's, and silenced movant during these court proceedings
by preventing movant to make sound of issue's, and coercively
induced movant to accept Joint Position Agreement.  Movant was
advised that his issue's had merit, and promised by his counsel
that the issue's were appealable, and that counsel could and

would win the issue's on appeal before plea negotiation's and
slitly **afterwar**d. Counsel failed to po nt to issue's of arguable
merit, under **Ander's v. California**, 386 U.S. 738,743,[87 S.Ct.
1396,1399,18 L.Ed.2d 493] (1967),counsel has duty when counsel
files an **Ander's** brief under the Supreme Courts decision to refer
to anything in writing that is in the record that could possibly
be arguably to support the appeal, andcounsel's failure to point
to issue's of arguable merit warrants reinstatement of Direct
Appeal for consideration of those issue's when raised in a pro se
post-conviction proceeding.  The court  errored in allowing movant's
counsel (Douglas Beever), to be movant's appellant counsel when
movant and counsel shared irreconcilable conflict's of interest,
and movant's Sixth Amendment right's were violated in allowing
Douglas Beever to defend movant on appeal when counsel previously
violated, confused, and terrified movant and fiendishly tailored
movant's case,  Which was unlawfully sabotaged,because of movant's
counsel Karl Bryning and Douglas Beever  ineffectiveness, flagrant
management to defend, coecrcive inducement's.

    Therefore movant agree's that his counsel's Ander's brief
is frivolous being that the Ander's briefing doesn't fullfill
the issue's movant desire's and want's to challange, contest,
argue, or object too.  Counsel's Ander's briefing should be rebriefed
toshow how the issue's  movant has presently raised are frivolous
if frivolous, or movant should be appointed another counsel,
(because counsel and movant share conlict's of interest and it
would be a miscarriage of justice to allow Douglas Beever to
remain as counsel to appellant), to brief the issue's movant
desire's tpraise.  Movant asks this Honorable Court to resolve

this matter at hand, and moves this Honorable Court to hear his issue's of merit.

Movant prays this Honorable Court will mandate, reinstate, and accept movant's Direct Appeal, and appoint movant an appellant counsel to further brief and argue issue's to be heard. Movant request this court to instruct him or appoint a legal adviser to help him move forth and gain appelant court filing's,proceedure's, and pleading's. Movant also request that if his binding motions are turned down dismissed, affirmed, or unheard that he not be timed barred from his **Booker** issue, and that his **Booker** issue's be preserved in and for a future **§ 2255** Motion.

Respectfully Submitted,

_____

**Suarawu O. Amuda**
**14175-026**
**FCI**
**P.O.Box 33**
**Terre Haute, IN 47801**

## CERTIFICATE OF SERVICE

I <u>Suarawu O. Amuda</u>, hereby on this ____9____ , day of January,

2005 served a true and correct copy of the foregoing Document(s):

### Motion to Recall Mandate,

### Motion for Rehearing "EN BANC"

Which is deemed filed at the time it was delivered to prison
authorities for forwarding, <u>(HOUSTON vs. LACK, 101 L. Ed 2d 245).</u>
Upon the respondant of record by placing same in a sealed, postage
prepaid envelope addressed to:

    Mr. Gino Agnello, Clerk, United States Court of Appeals (7th),
    219 South Dearborn Street, Chicago, Illinois  60604

    Office of the Clerk, United States District Court, for the
    **Central District of Illinois, Springfield Division**
    151 US. Courthouse, 600 East Monroe Street, Springfield,
    ILL.  62701

Certified mail number:   _N/A_____ , and deposited same
in the United States Mail at the Federal Correctional Institution
Terre Haute, Indiana on the:___9___ day of January,  2005.


                              Respectfully submitted,


                              _Suarawu O. Amuda_

                              **Suarawu O. Amuda**
                              **# 14175-026**
                              **FCI**
                              **P.O. Box 33**
                              **Terre Haute, IN  47808**