No.05-2612

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

Suarawu O. Amuda,
    Defendant/Appellant

vs.

Case No. 03-CR-30114

United States of America,
    Plaintiff/Appellee.

Januray 8, 2005

## MOTION TO RECALL THE

## MANDATE

(Pursuant to F.R.A.P.,Rule 41 and U.S.C.A. § 2106)

"While the authority of an appellate court to recall a mandate to prevent injustice is not expressly set forth in a statue, it has a foundation in statue as well as the inherent power of a court § 2106"

Comes now Suarawu O. Amuda, hereinafter petitioner filing a brief memorandum stating why **"Petitioner's Appeal should be Reinstated"**.

1. Movant received letter from U.S. Court of Appeals(7th Cir.) dated **July 07,2005** stating: <u>NOTICE RE:</u>, **"Defendant's Counsel's motion to withdraw under circuit rule"**. Movant's counsel filed a Ander's brief on or about **July 07,2005** Stating a belief that movant's appeal is frivolous and requesting permission to withdraw from the case. The Court instructed movant to reply within 30 day's for extension of time.

2. Movant replay's to the U.S. Court of Appeals letter dated **July 07,2005** stating that petitioner is indigent, being that he did not have the necessary funds to harbor necessities such as stamps to write the court's or maintain communication with his counsel, and incompetent being that he lacks sufficient knowledge or skill to comprehend, contrue, construct, and properly format the fundamental's of law, policies and proceedure's within the judicial system, that are required to be drawn up, expressed and explained if movant is to be promptly and properly heard. And that because of his disorder, there is a greatness of confusion when it comes to movant mentally comprehending legal law policies, proceedure's and the process of the judicial system and it's court's, within this letter movant requested for extention of time and I believe may have acknowledged that his legal property was lost. However faulty stamp voided the letter from being delivered by use of the mail system on time, and letter was sent back to movant. Movant then wrote another letter explaining that his first letter was voided, because of faulty stamp received from an inmate because he was unable to purchase stamps or obtain any request stamps for being indigent from his institutional counseler, or unit manager, because they went on vacation. Petitioner then attaches his first letter and a letter from the movant's institutional counseler acknowledging what happened. All three letter's were then sent to the Clerk of U.S. Court of Appeals, Gino J. Agnello.

3. Movant recieve's letter from the court dated **October 12.2005**. Letter stated that upon consideration of the **Reply to Court Order**, which the Court contrues as a motion for extention of time, within

which to file a response to counsel's Ander's brief, filed on **August 24, 2005** by pro se appellant. Court granted the motion and instructed the petitioner to respond to counsel's Ander's brief before **November 10, 2005.**

4. Movant followed thur with a letter be thought was properly presenting his reply to counsel's Ander's brief and put this letter in the mail **November 8, 2005.** Movant later received the original copy of his court order reply to counsel's Ander's brief, which was returned stamped filed on **November 14, 2005** by the Appeals Clerk, Gino J. Agnello, and a letter was attached from the Clerk (Gino J. Agnello) stating: that a request for relief from the court is filed in motion's not letter's. To present document's to the court, court filing's require the court heading, Petitioner's case title, court's docket number, title for petitioner's motion listing the relief petitioner seek's in the motion. And the original and 3 copies of bound motions along with proof of service. Also that presenting a document to the court that contains the proper information will insure that the court can act on the filing promptly and accurately, and that the court may strike petitioner's filing if petitioner does not include a proper proof of service on the other party.

5. On **December 8, 2005** movant maid a motion for an extension of time to properly prepare and provide the court's with his response to Ander's brief.

6. Movant received a motion: **JUDGMENT WITHOUT ORAL ARGUMENT** on or around this time dated, **December 14, 2005** stating that the Honorable Judge's of the U.S. Court of Appeals (7th Circuit) Granted counsel's motion to withdraw and Dismiss the appeal.

Also a copy of the Honorable Court's **UNPUBLISHED ORDER**, decision of movant's appeal.

7. On or around the time of the following dated invoice received by movant movant received a reply from the U.S. Court of Appeals (7th Circuit) dated **December 19, 2005** stating that upon consideration of the **MOTION FOR EXTENSION OF TIME**, filed on **December 14, 2005**, by the pro se appellant, (the motion for extention of time mailed by movant on **December 8, 2005**) the court ordered the motion **Denied** in light of appellant's Circuit Rule 51 (b) response of **October 18, 2005**, and the U.S. Court of Appeals order of **December 14, 2005**.

All the above are constructed inventory of how the petitioner contrues the court's ordered and instructed response's, ruling's and decision's to the petitioner, and for the petitioner's reply and response's of petitioner's motion and letter's to the court's.
And the reason's why petitioner request the Honorable Court to reinstate his Direct Appeal are as follow:

1. During petioner's incarceration at Sangomon County Jail in Springfield Illinois petitioner accumilated legal law resourse's and material's such as evidence, note's, record's, PSI which were a part of petitioner's personal belonging's and property that County Jail Staff lost during his stay, and just before his transfer to prison. The legal property contained evidence that proved petitioner's innocence, the conflict of interest between petitioner and counsel and how the counsel was ineffective. The loss of these legal materials that contained evidence largely effected the petitioner, where he was set back and could have showed the court's how he and his counsel share irrconcilable differences, and how petitioner's counsel lacked the ability to defend as an attorney before the filing of the counsels Ander's

briefing.

2. Petitioner is required to work in the FCI to pay the court fine's, ordered by the District Court Judge, 100 dollars per charge on the indictment which is 300 dollars. The FCI legal library is open different times every day, but petitioner's work schedule prevent's him from adequately using all the library hours he can to be precise and effeciant in fullfilling court order's or intructions and proceedures in a orderly, properly, prompt, preperation. It is required for the petitioner to work to pay his fine by the institution or else he will be disiplined by being placed on restriction. So because of petitioner's court fine, petitioner must work which effects petitioner by not being to use all available    legal law library hours.

3. During the time petitioner's lawyer filed a Ander's briefing and requested to with draw from case and the courts instructed petitioner to respond to Ander's briefing. Petitioner did not know that his defense counsel was now his Appellant counsel.

It was never clear to petitioner who to confide in for legal advice, and petitioner could not comprehend what exactly he was to do to move forth. Petitioner also on numerous occassions tried to seek advice from the inmate law library workers/helpers. However, petitioner lacks the ability to socially interact and construe what he needs to do or get done, and comprehend by observing then applying what he is advised or instructed to do or accomplish. The inmate's law library workers/helpers did not appear to know, or understand what to do, because they instructed petitioner to write the court  how petitioner wrote the court ,

and petitioner could not confide in an inmate as being trustworthy with any of petitioner's information in case. Petitioner is incompetent being that he lacks social intelligents. Petitioner's social disorder prevents him from intelligently, intellecting, interacting, and mentally and verbally comprehend and construe. This effect's and set back the petitioner largely, because he doesn't understand what he is suppose to do, or make clear decisions, and it's hard for him to explain or express what he doesn't understand, or can't interpret what he needs and wants to do or get done. Petitioner is incompetent to the courts proceedure's, instructions and rules. Petitioner failed to comprehend and construe a proper reply to the courts order as in the following subsection(4). This is a fault on his disorder, and the courts share fault where he was never given a effective legal adviser to confide in as explained in the following subsection (5).

4. Being that petitioner is indigent he was unable to purchase sufficient and efficient stamps to write counsel or courts, and to obtain a copy card to properly prepare and follow the court filing procedures for an appellant of the court. Which also is part of petitioner's incompetents to the required procedures of the courts such as described in the previous subsection(3). Because petitioner could only obtain stamps that where borrowed from or given by a neighboring inmate. This is a set back being that stamp from neighboring inmate voided petitioner's mail and, because it was hard for petitioner to obtain the neccessities to meet a standard of preparations during the time he was instructed or ordered by the court to respond or reply.

5. Not having no one to confide for advice or support played a huge and major part of the set back that radically brought the petitioner into a down hill process to do the best and make the best out of what he was to accomplish in order to be properly heard and understood by the court, and granted his appeal. It was not clear to petitioner weither to confide into his counsel who wished to withdraw as counsel . It is required in this institution that in order to receive an attorney/client phone call, that the attorney must call the institutional counseler to set up for a attorney/client phone call. But only in extreme emergency's will the institutional counseler allow a attorney/client privledge call if the inmate/petitioner requests for one. And it will only be granted if the inmate/petitioner can show institional counseler he has a deadline to meet. Petitioner requested from his Institutional counseler to have a attorney priveledge phone call, and the request was granted. Petitioner never knew that defense counsel was now his appellant counsel and thought counsel was still his defense counsel until he made this phone call. Petitioner desprately requested for advice on what to do and asked counsel (Douglas Beever) what does an Ander's brief mean. What was going on with him filing an Ander briefing, why he (Douglas Beever) filed motion to withdraw from case, and what does it mean if counsel was withdrawing from case, (far as what was petitioner suppose to do now that counsel was with drawing from case). Why didnt he(Douglas Beever) put the issue's that he promised were appealable in the briefing, and who petitioner was to confide in for advice or help on the situtuation of his appeal.

Douglas Beever gave reply's that were scruplous with fiendishly uncouth behavier. Counsel verbally stated there is nothing he can do and would do, and that he wish the petitioner tuff luck and that petitioner was on his own, and that he was no longer petitioner's counsel.

    At this time petitioner realize that his defense counsel (Douglas Beever) broke his promises which were lies to petitioner about promises that petitioner had issues that guaranteed an appeal and winable on appeal, and that all along his counsel had been misadvising him (as explained in binding <u>MOTION FOR REHEARING</u>), and being ineffective, and that they had been sharing a conflict of interest. Petitioner was set back by a multiple mishaps, but subsection (5) stands out the most and as further explained below.

It also would be a miscarriage of justice to allow an ineffective defense counsel remain as petitioner's appellant counsel, being that defense counsel coercively induced petitioner to accept joint positioning agreement with psychological threat's and enigmantic statements such as judge being bias and prejudice of drug and weapon type case, because of family domestic issues within his spouse. And by lying to the petitioner by promising that the issues and objections petitioner desired to contest, or challange during sentencing were appealable, and this succeed in inducing petitioner to waive his rights and privledges to contest, argue, challange or object to any issues or arguments in sentencing hearing without intentionally and knowingly understanding the effect and consequences of plea and the nature of the charges or convictions, and what the effect of waiving his rights and privlegdes during sentence hearing would have. This is one stage where counsel was ineffective and shared a conflict of interest with the petitioner, before the petitioner

realized that his counsel was not, and had not been doing his job effectively. And also shows that the counsel proceeded to pleading the petitioner guilty to convictions, by coercively inducing the petitioner with erroneous advice and stipulation of a egregiously contructed promisings of appeal issues, to accept an unreasonable joint plea agreement. This type of justice can be characterized to "assembly-line justice" as in **Unger v. Cohen**, 718 F. Supp. 185 (1989). After petitioner's sentencing counsels conduct remained and appeared normal where defense counsel filed for appeal in timely manner at his client/petitioner's request. But before filing his Ander's briefing and requesting withdraw from petitioner case, counsel failed to confer with petitioner on issues of merit that he had promised the petitioner that they were better argued on appeal and that they would be won on appeal. At the moment of these instant actions petitioner did not know that his defense counsel was now his appellant counsel. Then even though counsel was still technically petitioner's appellant counsel after filing **Ander's briefing** and requesting for withdraw, counsel was reluctant to advise or assist petitioner on how to reply or respond to counsel's Ander's briefing. This shows how counsel was ineffective and there was a conflict of interest between appellant counsel and petitioner.

   The misearriage of justice is proclaimed by questioning the court that how can a defense counsel who disguished his ineffectiveness (by pleading his client guilty, by inducing client to accept unreasonable Joint Position Agreement Sentence), be allowed to continue being the petitioner's appellant counsel. Where as in being the defense counsel representing the petitioner as appellant counsel continue's to be ineffective by not confering with the petitioner on the issues of merit that petitioner desired to argue, and this creates a conflict of interest, when appellant

counsel **does a Ander's brief on inssues that petitioner never con-**fered with counsel about. In which within counsel's Ander's brief claims that the issues of merit that it contains are the clients arguments and that the issues and arguments are frivolous.

This also shows that the appellant counsel is covering his ineffectiveness that he inflicted when representing petitioner as a defense counsel. So the appellant counsel doesn't defend or back-up the non-frivolous issues of merit his client desired to show arguments or raise points. But uses his title of appellant counsel to cover his ineffectiveness when he was petitioner defense counsel, by use of Ander's briefing ineffectiveness or miscarriage of Justice.

This is more like attempting to degrade a poor punlicly defended defendant, who claims some innocence and remorseful for his guilt, by using the functions and fundamentals of the law and it's rules, policies, and procedures to corruptively expose the defended as quote on quote guilty before proven innocent.

This is corruptive actions of a court appointed counsel or public defender.

It would be a grave miscarriage of justice if petitioner's Suarawu O. Amuda, Direct Appeal is not reinstated, so that his constitutional issues and issues of merit can be heard under the less stringent standards of review ver that of collateral attack, (2255), etc.. with all due respect petitioner would like for his Direct Appeal to be reinstated so petitioner can have the right to address the non-frivolous issues, that petitioner believes have merit.

Therefore petitioner prays that this Honorable Court allows this <u>MOTION TO RECALL THE MANDATE</u>, along with a binding, <u>MOTION FOR REHEARING "EN BANC"</u>, which is a motion asking the court to hear his properly prepared non-frivolous issues and arguments pretaining to the court ordered response to petitioner's counsel's Ander's brief, (filed October 12, 2005) properly prepared.

Suarawu O. Amuda pro se, petitioner is a person of little education and no formal education. Therefore, he request that the court, pursuant to Haines v. Kerner, 404 U.S. 519, 520, (255 S. Ct. (1973), hold his manner of presentation to a less stringent standard than that of a licensed attorney.

Respectfully Submitted

*Suarawu O. Amuda*
/s/ Suarawu O. Amuda

Reg no.
14175-026
FCI Terre Haute
Terre Haute, Indiana
47808